**Thomas A. CASTOLDI, Appellant,**

v.

**MILLER–TALLEY ASSOCIATES, Appellee.**

No. 15414.

Court of Civil Appeals of Texas, San Antonio.

Dec. 3, 1975.

R. E. Lopez, Jr., Alice, for appellant.

Lloyd, Lloyd, Ellzey & Lloyd, Parker Ellzey, Alice, for appellee.

CADENA, Justice.

This is a plea of privilege case in which defendant, Thomas A. Castoldi, appeals from the order of the District Court of Jim Wells County overruling his plea of privilege to be sued in Hays County, which latter county he asserts was the county of his residence at the time. Plaintiff, Miller-Talley Associates, a partnership composed of B. K. Miller and Dan Talley, filed this suit in Jim Wells County.

The disposition of this case does not depend on the applicability of any of the various exceptions, embodied in Article 1995, Tex.Rev.Civ.Stat.Ann., to the general rule that a defendant has the right to insist on being sued in his domiciliary county. The sole question to be determined is whether, at the time this suit was filed in Jim Wells County, defendant was in fact a resident of Hays County for venue purposes.

Plaintiff's suit was filed at 4:00 P.M. on July 26, 1974. It is undisputed that prior to July 26 defendant, a physician, had been practicing his profession in the City of Alice in Jim Wells County. In June, 1974, defendant completed negotiations with a doctor in the City of San Marcos, Hays County, looking to the sharing of offices by the two physicians in Hays County. On July 18 defendant purchased a home in Hays County and had utilities, including telephone, installed in his proposed office in Hays County. On that date he also executed a lease agreement, giving the lessee the option to purchase, of his home in Jim Wells County.

Prior to July 26 defendant had posted a sign at his office in Jim Wells County notifying his patients that he was closing his office and practice in that county as of July 24, 1974.

Defendant completed his packing and other arrangements and actually left Jim Wells County, with his family, at about 1:00 P.M. July 26, 1974, some three hours before plaintiff's suit was filed. For the purposes of this opinion, we assume that the evidence establishes that, at the time he left Alice, he intended in good faith to establish his permanent residence, and pursue his profession, in Hays County. The evidence establishes that defendant, with his family, arrived in Hays County on July 26, 1974, but there is no indication whether he arrived in Hays County before or after 4:00 P.M., the hour at which this suit was filed.

A plea of privilege must state that the party filing the plea was not a resident of the county in which suit is filed at the institution of such suit, at the time of service of process, nor at the time of filing of the plea of privilege. Rule 86, Tex.R.Civ.P. Here, there is no contention that defendant was a resident of Jim Wells County at the time of service of process or at the time the plea of privilege was filed.

█ We believe the evidence supports the conclusion that on July 26, 1974, defendant had his residence in Jim Wells County

at least until 1:00 P.M. when he departed for Hays County. Cf. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136 (1951). We attach no significance to the fact that the record does not establish that he and his family actually arrived physically in Hays County prior to the time on July 26 when this suit was filed. Instead, we base our affirmance of the order below on the ground that the requirement that defendant be a resident of the county of the forum "at the institution of such suit", is satisfied if defendant was a resident of such county on the day the suit was filed, without reference to whether he became a resident of such county after the filing of the suit or terminated in such county prior to the hour on which suit was filed. We readily concede that we have found no decision by a Texas court involving facts similar to those involved in this case, but we are convinced that our conclusion does no violence to our venue statute and that it embodies a pragmatic solution to the question presented when a defendant is a resident of one county for part of a day and of another county for the remainder of the day. Further, our conclusion, at the very least, is compatible with the rule, applied in *Snyder* that, for venue purposes, a defendant may have more than one residence, and with the doctrine that if a defendant's affairs are in such a state of confusion that it is impossible to determine in which of two counties he resides, he may be sued in either county. 1 McDonald, Texas Civil Practice Sec. 4.03.3, p. 416 (1965 rev.).

We find no need to rely on the legal fiction that the law does not recognize fractions of a day. Reliance on that "rule" would have no effect other than raising the question as to which portion of July 26, 1974, we would refuse to "recognize."

The judgment of the trial court is affirmed.